## ROBERTS v. THE STATE.

1. Where an indictment charged the accused with using, on a named day and in the presence of a named female, "the following obscene, vulgar, and profane language, to wit: 'Look me in the eye: Are you satisfied with the man you married? I can whip any damn Groover of the name,'" and, so far as appears from the indictment, the words quoted were used together as a continuous part of one conversation, it was not error to overrule a demurrer to the indictment, which sought to separate the words quoted and to object to them, for the purposes of the indictment, on the ground that they are neither profane, obscene, nor vulgar.

2. Where, however, it appeared from the evidence that the words, "Look me in the eye: Are you satisfied with the man you married?" were used on a different occasion and not in the same connection with the words, "I can whip any damn Groover of the name," and there was nothing in either the indictment or the evidence to indicate that the words first mentioned were intended to convey an obscene or vulgar meaning, it was error requiring the grant of a new trial to charge that the use of such words by the accused would be sufficient to warrant his conviction.

Argued April 22,—Decided May 10, 1904.

Indictment for misdemeanor.　Before Judge Kimsey.　Dawson superior court.　March 8, 1904.

*W. F. Findley,* for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.

CANDLER, J.　The accused was tried and convicted under an indictment charging that on a named day, in the presence of one Belle Groover, a female, he "did use the following obscene, vulgar, and profane language, to wit: 'Look me in the eye: Are you satisfied with the man you married? I can whip any damn Groover of the name.'" He demurred to so much of the indictment as charged him with using the words: "Look me in the eye: Are you satisfied with the man you married?" on the ground that such words were neither obscene, vulgar, nor profane, and that they constituted no offense against the laws of the State. His demurrer was overruled, as was also his motion for a new trial filed after his conviction, and he excepted.

1. It was not error to overrule the demurrer to the indictment. As a general rule, words are profane or not, according to the sense in which they are used; and it is necessary to show by other words coupled with them the sense in which they are used, to make a valid charge of using profane language. So far as appears from the indictment, the words quoted were used at one time as

a consecutive sentence. In ruling upon the demurrer the court could look no further than the face of the indictment; and so it can not be held that the ruling on the demurrer was erroneous.

2. The accused, however, did not deny having used the words: "Look me in the eye: Are you satisfied with the man you married?" but it appeared from the uncontradicted evidence introduced on the trial that the other language charged in the indictment, if used at all (which was denied by the accused and the witnesses who testified for him), was used at a different time and place. It appeared that the accused, a physician, had called at the home of Groover, the husband of the woman in whose presence the language was alleged to have been used. While in the house, in the presence of Groover, his wife, and several other parties, the accused said to Mrs. Groover: "Look me in the eye: Are you satisfied with the man you married?" This question was repeated several times, when Groover took offense and ordered the accused from the house. None of the witnesses made it appear that in using this language the accused had an indecent meaning. The accused himself, as before stated, admitted having used this language, but claimed that he was jesting at the time and that Mrs. Groover so understood. After having left the house he threatened to whip Groover if he would come out in the road; and it was at this point that the State's witnesses testified he said, in the presence of Mrs. Groover: "I can whip any damn Groover of the name." The court charged: "Now, as to the first words, 'Look me in the eye: are you satisfied with the man you married?' That is the first proposition. It is charged in the bill of indictment that those words are vulgar and obscene. Words get their point and meaning almost entirely from the time, place, and circumstance under which they are used. It is for the jury to say from the evidence what were used: whether this whole phrase, or substantially that phrase, was used, and, if used, what were the circumstances under which they were used; the time, place, and circumstances and the intent with which they were used. After considering it all, was that vulgar or obscene as expressed in the language of the law? . . Whatever words the evidence may satisfy you were used, were they vulgar and obscene? If so, the defendant is guilty if they were used without provocation; and if there was any provocation at all, it would have to be something that occurred then and there at the time that called them forth. It would be for the jury to say whether it was sufficient to justify their use

under the circumstances." This charge was error. As was remarked in the first division of this opinion, from aught that appears in the indictment the words there charged to have been used by the accused formed one continuous sentence. It is not charged that the words, " Look me in the eye: Are you satisfied with the man you married ?" constituted an offense when used in the presence of a female. The words, in and of themselves, are neither profane, vulgar, nor obscene; and the indictment contains no intimation that by innuendo they conveyed an indecent meaning. It can not be said that in their ordinary acceptation they imply an invitation to sexual intercourse, and there is no suggestion in the testimony of any of the witnesses that the accused sought to extend such an invitation by using the language quoted. This is quite a different case from that of *Dillard* v. *State*, 41 *Ga*. 278, where the language charged to have been used by the accused was an invitation to a married woman "to go to bed with him." There the words quoted plainly implied a proposal of sexual intercourse, and as such were held to be vulgar and obscene within the meaning of the statute; though it is significant that Mr. Chief Justice Brown, while concurring in the judgment, dissented from the reasoning on which it was based by the majority. A case more nearly in point is *Stamps* v. *State*, 95 *Ga* 475, where it was held: " The language, ' I want to stay here a while,' addressed by a man to a woman, is not per se either obscene or vulgar ; and although the indictment charged that by the use of this language the former meant to ask the latter to have sexual intercourse with him, the evidence entirely failed to support this charge ; and therefore the conviction of the accused of the offense of using obscene and vulgar language in the presence of a female was contrary to law and the evidence." While, for the reason stated in the first division of this opinion, the demurrer to the indictment was properly overruled, in the light of the evidence subsequently introduced it was erroneous to charge the jury on what the court terms the two distinct propositions embraced in the indictment; and as it is impossible to say whether the conviction of the accused was based on the use of the words, " Look me in the eye: Are you satisfied with the man you married ?" which was admitted, or of the words, " I can whip any damn Groover of the name," which was denied, a new trial must result.

*Judgment reversed.　　All the Justices concur.*